# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMY JO FRIZZO,**

       **Plaintiff,**

**v.**                               **Case No:   6:14-cv-219-Orl-37GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 22)**
>
> **FILED:** August 28, 2015
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND.

On July 22, 2015, judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings. Doc. No. 21. Plaintiff now moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of costs and attorneys' fees (the "Motion"). Doc. No. 22. The Motion is unopposed. *Id*. at ¶ 11.

### II. DISCUSSION.

Plaintiff, as the prevailing party, requests an award of $400.00 in costs for the filing fee

and $4,539.35 in attorneys' fees.  *Id*. at 3.   The filing fee is recoverable.   28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920).   With respect to attorneys' fees, the chart below represents the hours worked and the hourly rates requested:

| Attorney | Year | Hours | Rate | Total |
|---|---|---|---|---|
| Richard Culbertson, Esq.: | 2014 | 1.5 | $190.06 | $285.09 |
|  | 2015 | 1.4 | $189.67 | $265.53 |
| Sarah Fay, Esq.: | 2013 | 0.8 | $187.00 | $149.60 |
|  | 2014 | 20.0 | $190.06 | $3,801.20 |
|  | 2015 | 0.2 | $189.67 | $37.93 |
|  | **Total** |  |  | **$4,539.35** |

*Id*. at ¶ 8.  Plaintiff attaches detailed time sheets in support of the above hours and hourly rates. *Id*. at 12-13.  Further, Plaintiff has demonstrated that the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.  *Id*. at 8-10.  Upon consideration, the undersigned finds that Plaintiff is entitled to $4,539.35 in attorneys' fees and that such fees are reasonable.

Additionally, Plaintiff represents that she agreed to assign her right to attorneys' fees to Mr. Culbertson.  *Id*. at ¶ 9.[1]  As a result, Plaintiff represents that "[i]f the U.S. Department of the Treasury determines that [she] does not owe a federal debt, the government will accept [her] assignment of EAJA fees and pay fees directly to [her] counsel."  *Id*.  Given these representations, Plaintiff requests that the Court "authorize payment of the attorney fees to [her] counsel if the Department of the Treasury determines [she] does not owe a debt to the

---

[1] Plaintiff entered into the agreement on December 26, 2013.  Doc. No. 22-1.

government." *Id*. at 3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-29 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorney fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. U.S.*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984). Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees, such as the one at issue here, which predates a determination and award of the amount of fees is voidable. *See, e.g.*, *Young v. Astrue*, 2011 WL 1196054, at *3-4 (M.D. Ga. Feb. 24, 2011). Based on the foregoing, the undersigned finds that the award of EAJA fees should be made to Plaintiff as the prevailing party.

### III. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 22) be **GRANTED** only to the extent that the Court awards

Plaintiff the amount of $400.00 in costs and $4,539.35 in attorneys' fees; and

2. Otherwise, the Motion be **DENIED**.[2]

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on September 16, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] The United States Department of the Treasury (the "Department") may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government. However, the undersigned is not recommending that the Court order the Department to honor it.